**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 12 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10409 |
| Plaintiff - Appellee, | D.C. No. 3:06-cr-00644-CRB-4 |
| v. | |
| THAO HEIU TRAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted November 3, 2009[**]
San Francisco, California

Before: HAWKINS and THOMAS, Circuit Judges, and TRAGER,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Thao Hieu Tran ("Tran") appeals his convictions for conspiracy to distribute marijuana and possession with intent to distribute marijuana, claiming the district court erred by denying his motion to suppress evidence obtained by wiretap because the government omitted information from its wiretap application that would have altered the finding of necessity for the wiretap. We affirm.

To receive an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), the defendant must make a substantial showing that the government intentionally or recklessly omitted or falsified information and that such information was material to a finding of probable cause or necessity. *See United States v. Staves*, 383 F.3d 977, 984 (9th Cir. 2004). Tran has not met this standard. He makes speculative claims that two individuals (already discussed at length in the supporting affidavit) might have been of more assistance to the investigation. *See Franks*, 438 U.S. at 171 (attack must be "more than conclusory" and "allegations must be accompanied by an offer of proof").

Tran's claim that the supporting affidavit was also misleading about the possibility of successful surveillance is likewise unavailing. Many of the examples cited by Tran did not occur until *after* the affidavit was executed and the wiretap approved. The remaining instances of successful surveillance were disclosed in the affidavit and do not undermine the necessity for a wiretap, especially in light of the

stated goals of identifying co-conspirators in a wide-reaching international drug conspiracy and obtaining proof beyond a reasonable doubt against those co-conspirators. *See United States v. Bennett*, 219 F.3d 1117, 1120-22 (9th Cir. 2000); *see also United States v. McGuire*, 307 F.3d 1192, 1198-99 (9th Cir. 2002).

The district court did not err by denying Tran's motion to suppress evidence without a *Franks* hearing.

**AFFIRMED.**

3